UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 11-60065-CR-LENARD/O'SULLIVAN

UNITED STATES OF AMERICA,

    Plaintiff,

v.

LEIGHTON MARTIN CURTIS,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

THIS MATTER came before the Court on the Defendant's Motion to Suppress a Certain Approximate 1 ½ Hour Computer Recording (DE# 51, 7/18/11). Having held an evidentiary hearing on August 22, 2011 and carefully considered the applicable filings and the law, the undersigned respectfully recommends that the Defendant's Motion to Suppress a Certain Approximate 1 ½ Hour Computer Recording (DE# 51, 7/18/11) be **DENIED** for the reasons stated herein.

## BACKGROUND

The defendant is charged with two counts of sex trafficking of a minor, in violation of Title 18, United States Code, Sections 1591(a)(a), 1591(b)(2) and (2) and production of child pornography in violation of Title 18, United States Code, Sections 2251(a) and (e). See Third Superceding Indictment (DE# 39, 6/9/11).

On July 18, 2011, the defendant filed a motion to suppress. See Defendant's Motion to Suppress a Certain Approximate 1 ½ Hour Computer Recording (DE# 51, 7/18/11). The government filed its response on August 3, 2011. See Government's Response in Opposition to Defendant's Motion to Suppress Computer Recording (DE#

57, 8/3/11). The defendant filed his reply on August 15, 2011. See Defendant's Reply with Incorporated Memorandum of Law to Government's Response in Opposition to Defendant's Motion to Suppress Computer Recording (DE# 62, 8/15/11).  On August 21, 2011, the government filed an amended statement of facts. See Government's Amended Statement of Facts in Opposition to Defendant's Motion to Suppress Computer Recording (DE# 65, 8/21/11).[1]

The undersigned held an evidentiary hearing on August 22, 2011. At the evidentiary hearing, the defendant acknowledged that he had the burden of proof. The defendant testified on his own behalf. The government presented the testimony of "LS," a minor. The undersigned admitted into evidence the government's Exhibits 1 and 2. The defendant did not introduce exhibits. This matter is now ripe for consideration.

## FINDINGS OF FACT

In June or July of 2010, the defendant and LS, a minor, were staying in a room at the Sea Club hotel in Fort Lauderdale, Florida. The defendant was LS' pimp. The purpose of their stay was for LS to engage in prostitution. LS had recently purchased a lap top computer and had the computer in the hotel room. LS had a habit of recording things and taking pictures. The defendant was aware of LS' habit.

The defendant referred to himself and LS as a "family." The defendant had

---

[1] In its response in opposition to the motion to suppress, the government stated that "[i]t is anticipated that LS will testify that she was unaware that the computer web camera was on while this recording was made and that the recording was inadvertent." Government's Response in Opposition to Defendant's Motion to Suppress Computer Recording (DE# 57 at 3, 8/3/11). The amended statement of facts states that "[i]t is . . . anticipated that LS will testify that she was aware that the computer web cam was on when the recording first begins, but at some point, she forgot it was still recording." Government's Amended Statement of Facts in Opposition to Defendant's Motion to Suppress Computer Recording (DE# 65 at 2, 8/21/11).

certain rules that LS had to obey. One of those rules was that LS and the defendant did not keep secrets from each other. The defendant never told LS that she could not record him. LS had recorded other videos of herself and the defendant. The defendant and LS would go through the video recordings and photos on the lap top.

On the date in question, LS was on the hotel bed with the laptop computer. LS intentionally turned on the computer's web camera function to make a video. LS shifted the computer so it would record the defendant. At some point, LS forgot the computer was still recording. The video is approximately one hour and eighteen minutes and ends when LS closes the computer lid.

The video shows the defendant wearing a shirt. The defendant was not wearing pants or underwear. It was not usual for the defendant to walk around naked when he and LS were in a room together. At the time of the recording, the defendant was speaking on his cellular phone to an unidentified female. The conversation took place using the speaker phone function of the defendant's cellular telephone.[2] The defendant was attempting to recruit the unidentified female into the "family," meaning the

---

[2] The defendant testified that he could not disable the speaker phone function of his telephone. At the evidentiary hearing, the undersigned observed the demeanor of the witnesses and considered their testimony as a whole and finds that the defendant's testimony was not credible for the reasons stated in this Report and Recommendation. See United States v. Boulette, 265 Fed. Appx. 895, 898 (11th Cir. 2008)(citing United States v. Ramirez-Chilel, 289 F.3d 744, 749 (11th Cir. 2002) (noting that "[c]redibility determinations are within the province of the fact finder 'because the fact finder personally observes the testimony and is thus in a better position than a reviewing court to assess the credibility of witnesses.'"). Even assuming, arguendo, that the defendant's telephone was broken, the defendant could have asked LS to use her telephone or could have taken other steps to ensure that LS did not listen in on the conversation. The defendant could have asked LS to leave the room, the defendant could have left the room. The defendant could have had this telephone conversation in the bathroom. The defendant did not take any of these steps to ensure that LS was not listening to the conversation.

defendant wanted the unidentified female to work as a prostitute for him. The defendant spoke to the unidentified female in a normal tone of voice. He was not whispering or otherwise attempting to conceal his conversation from LS. LS could hear both sides of the conversation. The defendant knew LS was listening to the telephone conversation.[3] The defendant never asked LS to leave the room. The defendant never left the room or continued his conversation outside the presence of LS.

At some point, the call between the defendant and the unidentified female was dropped. The unidentified female subsequently called back and the defendant and the unidentified female resumed their conversation. After the conversation ended, the defendant and LS discussed the unidentified female. The defendant stated that he thought he repeated himself too much in his conversation with the unidentified female. The defendant asked LS if LS thought the defendant was repeating himself. The defendant and LS also discuss whether the unidentified female stated that she was staying with an ex-boyfriend's mother or an ex-girlfriend's mother.

LS later received calls from three unknown males seeking to procure her prostitution services. Each time, LS answered the phone using the speaker phone

---

[3] At the evidentiary hearing, the defendant testified that he did not think LS was "paying attention" to the telephone conversation. This testimony is not credible. It is obvious that the defendant knew LS was listening to the telephone conversation because he asked LS if he was repetitive when speaking to the unidentified female. The defendant and LS also discussed whether the unidentified female stated that she was living with an ex-boyfriend's mother or an ex-girlfriend's mother. Based on the defendant's exchanges with LS, it is obvious that the defendant knew and expected LS to listen in on the conversation with the unidentified female. The defendant's credibility was further impeached when he testified that he had not heard of the term "trick." The defendant used the word "trick" in his conversation with the unidentified female. LS also used the word when she was speaking to the defendant in the video. The video shows that the defendant had no trouble understanding the word "trick."

function of her cellular phone because of the defendant's rule against secrets.

At some point the defendant learned about the video recording at issue. The defendant watched the video. He did not ask LS to delete the video recording.

## DISCUSSION

The defendant seeks to suppress a video recording obtained by federal agents from LS' computer. See Defendant's Motion to Suppress a Certain Approximate 1 ½ Hour Computer Recording (DE# 51 at 1, 7/18/11). The defendant's motion is made pursuant to Title 18, United States Code, Sections 2515 and 2518(10)(a) of the wiretap statute. Id. The wiretap statute provides that: "Whenever any wire or oral communication has been intercepted, no part of the contents of such communication and no evidence derived therefrom may be received in evidence in any trial, hearing, or other proceeding in or before any court . . . if the disclosure of that information would be in violation of this chapter." 18 U.S.C. § 2515. It further states that "[a]ny aggrieved person in any trial, hearing, or proceeding in or before any court . . . may move to suppress the contents of any wire or oral communication intercepted pursuant to this chapter, or evidence derived therefrom, on the grounds that . . . the communication was unlawfully intercepted . . . ." 18 U.S.C. § 2518(10)(a). The wiretap statute defines the term "oral communications" as: "any oral communication uttered by a person exhibiting an expectation that such communication is not subject to interception under circumstances justifying such expectation . . . ." 18 U.S.C. § 2510(a).

In United States v. McKinnon, 985 F.2d 525, 527 (11th Cir. 1993), the defendant sought to suppress secret recordings of the defendant's pre-arrest comments made while the defendant was sitting in the backseat of a police car. The defendant argued

5

that the recordings violated the wiretap statute. The district court denied the motion to suppress and the defendant appealed. The Eleventh Circuit stated that the test in determining whether a communication violated the wiretap statute was "whether a reasonable or justifiable expectation of privacy exists." Id. at 527. It further stated that "[t]his test ha[d] two prongs. First, whether [the defendant]'s conduct exhibited a subjective expectation of privacy; second, whether [the defendant]'s subjective expectation of privacy is one that society is willing to recognize as reasonable." Id. Applying this test, it held that the defendant "did not have a reasonable or justifiable expectation of privacy for conversations he held while seated in the back seat area of a police car." Id. 528.

Similarly here, the defendant had no reasonable or justifiable expectation of privacy in his communications with the unidentified female. The defendant made these communications while LS was in the room using the speaker phone function of his cellular telephone. Thus, LS was privy to both sides of the conversation. The defendant took no steps to shield his communications from LS. He spoke in a normal tone and made no attempt to leave the room or ask LS to leave the room. Moreover, the defendant knew LS was listening to his telephone conversation and even asked LS if she thought the defendant was repeating himself when he was speaking to the unidentified female caller. The defendant and LS also discussed some of the information relayed by the unidentified female. The defendant had no expectation of privacy in communications he knew LS was listening in on.

The remainder of the video contains communications between the defendant and LS and telephone communications between LS and prospective clients. The

defendant had no reasonable expectation of privacy in communications between himself and LS and communications between LS and the prospective clients. See Kemp v. Block, 607 F.Supp. 1262, 1264 (D. Nev. 1985) (finding that presence of other individuals undermined any reasonable expectation of privacy).

The defendant argues that the Court should still suppress the video because the defendant had a reasonable expectation that his communications would not be recorded. See Defendant's Reply with Incorporated Memorandum of Law to Government's Response in Opposition to Defendant's Motion to Suppress Computer Recording (DE# 62 at 5, 8/15/11). The defendant relies on Walker v. Darby, 911 F.2d 1573 (11th Cir. 1990). In Walker, a postal employee filed a civil suit under the wiretap statute against his supervisors for recording some of his conversations. Id. at 1575. The district court granted summary judgment in favor of the defendants. Id. at 1576. On appeal, the Eleventh Circuit reversed finding that there were questions of fact precluding summary judgment. Id. at 1578. Thus, the issue in Walker was not whether an exception to the wiretap act existed, but whether the plaintiff's claim of illegal interception of an oral communication could survive summary judgment.

In McKinnon, an opinion published after Walker, the Eleventh Circuit based its decision that the wiretap statute had not been violated on the expectation of privacy. It did not address the expectation not to be recorded even though the recording in that case was made without the defendant's knowledge. McKinnon, 985 F.2d at 526 (referring to the communication as a "secret recording"). Moreover, the Supreme Court has made little distinction between communications that are overheard and communications that are recorded. See United States v. White, 401 U.S. 745, 752

7

(1971) (stating that "[i]f the law gives no protection to the wrongdoer whose trusted accomplice is or becomes a police agent, neither should it protect him when that same agent has recorded or transmitted the conversations which are later offered in evidence to prove the State's case."); Lopez v. United States, 373 U.S. 427, 439 (1963) (stating that "the risk that petitioner took in offering a bribe to [an IRS agent] fairly included the risk that the offer would be accurately reproduced in court, whether by faultless memory or mechanical recording."). The undersigned concludes that the defendant had no reasonable or justifiable expectation of privacy in the communications captured on the video. Accordingly, the Defendant's Motion to Suppress a Certain Approximate 1 ½ Hour Computer Recording (DE# 51, 7/18/11) should be **DENIED**.

## RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the Defendant's Motion to Suppress a Certain Approximate 1 ½ Hour Computer Recording (DE# 51, 7/18/11) be **DENIED**. Pursuant to 28 U.S.C. §636(b)(1)(B) and (c), the parties may serve and file written objections to this Report and Recommendation with the Honorable Joan A. Lenard, United States District Judge, within fourteen (14) days of receipt of a copy of this Report and Recommendation. See Nettles v. Wainwright, 677 F. 2d 404 (5th Cir. 1982).

RESPECTFULLY SUBMITTED at the United States Courthouse, Miami, Florida this **29th** day of August, 2011.

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies provided to:
United States District Judge Lenard
All counsel of record