UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-60065-CR-LENARD

UNITED STATES OF AMERICA,

v.

LEIGHTON MARTIN CURTIS,

   Defendant.
_____/

# ORDER

**THIS CAUSE** is before the Court on the Motion to Correct Clerical Error ("Motion") (D.E. 230), Motion for Summary Judgment (D.E. 236), and Motion to Submit Evidence (D.E. 237), all filed by Defendant Leighton Martin Curtis ("Defendant"). The United States of America ("Government") filed a Response ("Response") (D.E. 233) to the Motion, and Defendant filed a Reply ("Reply") (D.E. 234) to the Response. The Government has not filed a response to either the Motion for Summary Judgment or the Motion to Submit New Evidence. More than fourteen days having elapsed since the most recently filed motion, these matters are now ripe for judgment. Having considered the Motion, the Response, the Reply, the Motion for Summary Judgment, the Motion to Submit Evidence, the Pre-Sentence Investigation Report ("PSI"), the Addendum to the PSI ("PSI Add.") and the docket, the Court finds as follows.

I.      Background

On February 13, 2012, the Court entered Judgment against the Defendant on Count II, Sex Trafficking of a Minor, and Count III, Production of Child Pornography. D.E. 126. Defendant was sentenced to a term of 360 months for both counts, to run concurrently. *Id*.

On October 21, 2024, Defendant filed the Motion, claiming that a previous conviction of his, a cocaine possession charge, was the result of mistaken identity, and that a man who had stolen his identity had actually committed the offense. D.E. 230 at 1-2. Defendant claims that as a result of this conviction being included on the PSI, he is prejudiced. *Id.* at 2. Defendant requests the Court correct this "clerical error" pursuant to Fed. R. Crim. P. 36. *Id*. at 3.

The Government filed its Response on November 11, 2024, stating that Defendant cannot rely on Rule 36 for the requested relief and that Rule 36 is not designed to correct substantive errors of law. D.E. 233 at 1-2. Defendant filed his Reply on November 26, 2024, claiming that the inclusion of the 2005 charge was in fact a clerical error of the kind that Rule 36 is designed to cure. D.E. 234 at 1.

On May 9, 2025, Defendant filed his Motion for Summary Judgment, claiming that he was entitled to summary judgment. D.E. 236 at 1. On October 17, 2025, Defendant filed his Motion to Submit Evidence. D.E. 237. Attached are two mugshots, one from his Bureau of Prisons profile and one from the 2005 conviction. *Id*.

II.     Discussion

As an initial matter, the Court agrees with the Government that a Rule 36 motion is an improper vehicle for the requested relief. In *Pryor*, the Eleventh Circuit held that "in

this Circuit [] Rule 36 may not be used to make a substantive alteration to a criminal sentence." *United States v. Pryor*, 631 F. App'x 844, 846 (11th Cir. 2015); citing *United States v. Portillo,* 363 F.3d 1161, 1164 (11th Cir. 2004). In *Pryor*, as in the present case, a defendant claimed that the inclusion of a previous conviction on his pre-sentence investigation report was a clerical error and moved under Rule 36 to correct this alleged error. Pryor, 631 F. App'x at 845-846. In *Pryor*, the Eleventh affirmed the district court's denial of the defendant's motion on the grounds that Rule 36 could only be used to correct clerical, and not substantive, mistakes. *Id.* at 846. Now, the Court follows precedent and denies Defendant's Motion for the same reason.

Assuming, *arguendo*, the Court were to decide the Motion on its merits, the conclusion would remain the same. Defendant claims he was the victim of identity theft, and in support of this claim, offers two mugshots, taken twenty years apart, which nevertheless bear some similarity to one another. However, the PSI states that the arrests listed therein are based on a criminal background check using arrest fingerprint analysis. PSI at ¶42. The likelihood that an individual managed to steal not only Defendant's identity, but fingerprints as well, is too remote to seriously consider.[1] As such, even if

---

[1] Far likelier is the possibility that Defendant's claim of stolen identity is untrue. After all, when first questioned by investigators in Hollywood, Defendant lied about his association with his victim. PSI at ¶16. While in custody, Defendant communicated with his mother to request that she obstruct justice on his behalf. PSI at ¶22. When questioned, he denied obstructing justice by soliciting his mother. PSI Add. at 1. At a hearing on a motion to suppress, Defendant provided false testimony. PSI at ¶23. Defendant further falsely claimed that he was unaware that his victim was a minor. PSI at 1; PSI Add. at ¶5. Defendant falsely claimed that a computer, which contained evidence used to convict him, did not belong to him. PSI Add. at 1; PSI at ¶11. Finally, Defendant implied, falsely, that but for his 2005 conviction, his conviction in this Court was his first offense. D.E. 230 at 2.; *see infra*. Because Defendant's criminal history was verified by fingerprint analysis

3

Defendant's Motion were not procedurally improper, it would nevertheless fail on its merits.

Even if the Court granted the Motion, Defendant's sentence would remain unchanged and first-time offender laws would nevertheless be unavailable to him. The Motion implies that aside from Defendant's 2005 conviction, his conviction in this Court was his first offense, and states that the inclusion of his 2005 convictions "affects his classification" and bars him from benefitting from "laws passed for first time non-violent people with zero criminal history[.]"[2] D.E. 230 at 2. Despite what he claims in the Motion, the PSI reflects another two previous convictions, for the Criminal Sale of Marijuana in 1997 and for the Sale of a Controlled Substance in 2000. PSI at ¶39-40. Even excluding his 2005 conviction, his sentence would nevertheless be appropriate when accounting for his criminal history and the aggravating factors detailed in the PSI. PSI at ¶25-37. And even excluding his 2005 conviction, Defendant could not avail himself of the "laws passed for first time non-violent people with zero criminal history" that he references in his Motion. D.E. 230 at 2.

Finally, the Court notes that summary judgment is not a tool available to criminal defendants. As such, the Motion for Summary Judgment is denied.

### III. Conclusion

For the foregoing reasons, it is

---

and, even when taking the Motion on its merits, the Court would reach the same conclusion. The Defendant's history of misrepresentation and duplicity reinforces this decision.
[2] Defendant does not specify which laws these are or what benefit such laws would confer on him.

**ORDERED** that the Motion to Correct Clerical Error (D.E. 230) is **DENIED**. The Motion for Summary Judgment (D.E. 236) is **DENIED**. The Motion to Submit Evidence (D.E. 237) is **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers at Miami, Florida this 4th day of November, 2025.

*Joan A. Lenard*
**JOAN A. LENARD**
**UNITED STATES DISTRICT JUDGE**